FILED
U.S. DISTRICT COURT

Minimum Mandatory __Yes__
Rule 35/5K1.1 __No__
Appeal Waiver __No 24__
Forfeiture __No__
Other __No__

CLERK
SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. CR412-18 |
| | ) | |
| v. | ) | |
| | ) | |
| ELIJAH AKEEN SAMPSON, aka "SHAWN" | ) | |

### SUMMARY OF PLEA AGREEMENT

**DEFENSE COUNSEL**:

   Robert P. Phillips III, Esq.

**STATUTES CHARGED**:

   Counts 1-4, 7-9, 13, 16 - 21 U.S.C. §§841(a)(1), Distribution of Controlled Substances
   Count 5 - 18 U.S.C. §922(a)(1)(A) - Unlicensed Dealing in Firearms
   Counts 10, 14, 17 - 18 U.S.C. §924(c) - Carry Firearms During/In Relation to Drug
      Trafficking
   Counts 6, 11, 12, 15, 18 - 18 U.S.C. §922(g)(1) - Possession of Firearms by Convicted
      Felon
   Count 19 - 18 U.S.C. §922(k) - Possession of Firearm with Obliterated Serial Number

**COUNTS PLEADING TO**:

   Count 17 - 18 U.S.C. §924(c) - Carry Firearm During/In Relation to Drug Trafficking
   Count 18 - 18 U.S.C. §922(g)(1) - Possession of Firearm by Convicted Felon

**PENALTY**:

   Count 17
   A term of imprisonment of not less than five years nor more than life imprisonment,
   consecutive to any other term imposed,
   a fine of not more than $250,000,
   not more than five years of supervised release,
   $100 special assessment

√

Count 18
Not more than 10 years imprisonment;
A fine of not more than $250,000;
A term of supervised release of not more than three years;
$100.00 special assessment

## ELEMENTS

### Count 17
**FIRST:**   That the defendant committed the drug trafficking offense charged in Count 16 of the indictment;
**SECOND:**   That during and in relation to the commission of that offense the Defendant knowingly used and carried a firearm, as charged.

### Count 18
**FIRST:**   That the defendant knowingly possessed a firearm;
**SECOND:**   Which had been previously shipped in interstate or foreign commerce;
**THIRD:**   After being previously convicted of a felony.

## SUMMARY OF GOVERNMENT'S PROMISES:

- Will not object to a recommendation from the probation officer that the defendant receive a reduction for acceptance of responsibility;

- Agrees to move to dismiss Counts 1-16 and 19 of the Indictment.

## SUMMARY OF DEFENDANT'S PROMISES:

- Agrees to plead guilty to Counts 17 and 18 of the pending Indictment;

- Understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court;

- The defendant agrees to and will acknowledge at the time of the entry of the plea of guilty and at sentencing the truth of the facts set forth in paragraph 2(A) of this agreement.

- The defendant also understands that in accordance with *United States v. Booker*, the district court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. CR412-18 |
| | ) | |
| v. | ) | |
| | ) | |
| ELIJAH AKEEN SAMPSON, aka "SHAWN" | ) | |

## PLEA AGREEMENT

Cameron Heaps Ippolito, Assistant United States Attorney, and Robert P. Phillips III, Esq., attorney for the defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment styled above, and a Plea Agreement has been reached by said parties in the following respects:

1. Upon the defendant's entry of a plea of guilty to the offenses charged in Counts 17 and 18 of the Indictment, his full compliance with all promises made hereinafter as a part of this agreement, and his adherence to all representations and understandings recited hereinafter, the attorney for the government will do the following:

a.    The government will not object to a recommendation from the probation officer that the defendant receive a reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines, provided the defendant truthfully admits the

conduct comprising the offenses of conviction, and has not engaged in criminal conduct subsequent to arrest or initial appearance in this matter.

      b.     The government will move to dismiss Counts 1-16 and 19 of the Indictment.

### 2. DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT

### A. FACTUAL BASIS

The defendant understands that Count 17 of the Indictment charges that the defendant did commit an offense against the United States, that is to say, that on or about December 19, 2011, in Chatham County, within the Southern District of Georgia, the defendant, ELIJAH AKEEN SAMPSON, aka SHAWN," knowingly and unlawfully, and during and in relation to the drug trafficking offense charged in Count 16, used and carried a firearm, that is, a Taurus, Model PT-25, .25ACP caliber semiautomatic pistol, with obliterated serial number; in violation of Title 18, United States Code, Section 924( c).

Further, Count 18 of the Indictment charges that on or about December 19, 2011, in Chatham County, within the Southern District of Georgia, the defendant, ELIJAH AKEEN SAMPSON, aka SHAWN," who before that time had been convicted of a felony, an offense punishable by imprisonment for more than one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Taurus, Model PT-25, .25ACP caliber semiautomatic pistol, with obliterated serial number, in violation of Title 18, United States Code, Section 922(g)(1); and that the defendant's guilty pleas constitute proof as to each of those Counts.

The defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring to the attention of the sentencing court all

sentencing facts, all relevant conduct of the defendant, the defendant's background, and the offense conduct; and to take any position the government deems appropriate regarding the application of the facts of the case to the sentencing guidelines and the application of the sentencing guidelines.  The defendant further agrees that the government shall not be bound to make any recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

The defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty plea, the defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentence of life imprisonment, a $250,000 fine, and five years of supervised release.

The defendant further advises the Court that the defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court, and that the U.S. Probation Office will consider all of defendant's conduct related to the offense to which he is pleading, which may include conduct related to Counts of the Superseding Indictment which were or are to be dismissed or for which the defendant was acquitted, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's sentence.  The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney.

5

The defendant also understands that in accordance with *United States v. Booker*, the district court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.

B.  FINES, ASSESSMENTS, AND FORFEITURES

The defendant understands that any assessments imposed pursuant to 18 U.S.C. §3013 by the Court at sentencing must be paid on the date of sentencing.

The defendant understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which the defendant has an interest, whether by administrative, civil, or judicial proceeding, the defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense.  The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

C.  FOIA AND PRIVACY ACT WAIVER

The defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by the defendant in this agreement or otherwise; HOWEVER, notwithstanding any right on the part of the defendant to post-conviction litigation, the defendant, as a part of this agreement and in consideration of the

6

promises by made the government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a, and all subsequent amendments thereto.

　　　　3. DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT:

　　　　A. The defendant represents to the Court that the defendant has had the services of an attorney the defendant believes to be competent; that the defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice; that the defendant has been truthful with his attorney and related all information of which the defendant is aware pertaining to the case; that the defendant and defendant's attorney have discussed possible defenses, if any, to the charges in the superseding indictment, including the existence of  any exculpatory or favorable evidence or witnesses, discussed the defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

7

B.  The defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by the defendant is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the defendant; and that the defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

C.   The defendant represents to the Court that the defendant has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalty provided by law, as set forth above, and that by entering a plea of guilty the defendant gives up all of the rights set out in paragraph "a" above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind.  The defendant further understands that in entering a plea of guilty, the Court will ask questions about the offense to which the plea is entered.  The defendant understands that the defendant will be under oath and on the record in answering those questions, and that the defendant's answers may later be used against the

defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

This __2__ day of ___May___ 2012.

EDWARD J. TARVER
UNITED STATES ATTORNEY

Karl I. Knoche
Assistant United States Attorney
Georgia Bar No. 426624

Cameron Heaps Ippolito
Assistant United States Attorney
Virginia Bar No. 35831

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422

9

I have read the foregoing Plea Agreement, consisting of nine pages, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.


**ELIJAH AKEEN SAMPSON, aka SHAWN"**
Defendant


Robert P. Phillips III, Esq.
Attorney for the Defendant


Date

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

UNITED STATES OF AMERICA      )     CASE NO. CR412-18

                       )

v.                      )

                       )

ELIJAH AKEEN SAMPSON, aka "SHAWN"  )

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the Defendant's motion to change its plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by Defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This __2ND__ day of __NOVEMBER__ 2012.

_____

HONORABLE WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

*Prepared by*
*Cameron Heaps Ippolito*
*Assistant U.S. Attorney*
*100 Bull Street, Suite 201*
*Savannah, Ga 31412-8970*
*(912) 652-4422*
*U.S.A. v. ELIJAH AKEEN SAMPSON, aka "SHAWN"*
*CR412-18*