UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ELIJAH AKEEN SAMPSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent,
_____/

Case No. 4:16-cv-00016-WTM-BKE

(CR 412-018)

## PETITIONER'S ANSWER TO GOVERNMENT'S RESPONSE MOTION FOR ALL RELIEF REQUESTED OR IN THE ALTERNATIVE, EVIDENTIARY HEARING

COMES NOW, Elijah Akeen Sampson, Petitioner in the above styled action hereby provides his answer to the Government's response warranting Petitioner all relief requested, or in the alternative, for the Court to conduct an Evidentiary Hearing on the merits of facts stated herein and in Petitioner's initially filed §2255 motion.

Based on material information, Petitioner hereby states valid claims which irrefutably support his request for relief. Petitioner outlines all issues of material fact herein and requests proper review by this Honorable Court so as to review the facts and if not administratively granted, to promptly **GRANT** an evidentiary Hearing so all facts can be presented to this Honorable Court to render it's judicial decision by a weighing of truth and material facts. Therefore, Petitioner prays for all relief sought in this motion and his filed §2255.

## INCORPORATION BY REFERENCE

Petitioner hereby incorporates by reference all claims, facts and material issues as stated in his §2255 herein as if set forth here at.

Additionally, Petitioner is presenting his response on his own behalf and is not a trained, skilled or experienced attorney practiced in the field of law. Therefore, he respectfully requests this Honorable Court construe his motion "liberally" and hold it to a less stringent standard than the pleadings prepared by an attorney, and to "broadly" under law review his pleadings and the relief requested and sought herein. See **Ericson v. Pardue**, 551 U.S. 89, 127, 167, L. Ed 2d 1081, 1086 (2007).

Based on the significant issues presented, and the Government failure to respond adequately, if at all, Petitioner is entitled to the relief requested and for this Honorable Court to **GRANT** this motion administratively, or in the alternative, conduct and Evidentiary Hearing promptly on the significant, substantial issues presented.

AUSA Ippolito had an absolute material legal obligation to the Court, its Judge, any and all defendants, and Petitioner especially to inform the Court at **ANY AND ALL PRE-TRIAL HEARINGS** whether by motion or oral statement that she was not only cheating on her husband repeatedly and for a significant amount of time, but that she has what society would refer to as a "whore" for a Government Agent. Agent Valoze.

Due Process **REQUIRES** that AUSA Ippolito not only refrain from any and all impropriety, but that her standards and code of conduct as an officer of the Court, who has a material duty to the Court, to be forthright, honest and present any and all evidence that *may* have any material impact on the Court's determination. Had AUSA Ippolito simply stated that she had become a lover for Agent Valoze, the Court could have made any and all proper determinations as to her either being recused and or disqualified from continuing in the proceedings since Agent Valoze was actively involved in the case and arrest of Petitioner.

AUSA Ippolto remained silent. Keeping her scandalous sex secrets between herself and Agent Valoze. Both sharing eye contact in Court hearings knowing they have a sexual and material agreement between them to do whatever it takes in order for both to win, not that justice be done.

4

AUSA Ippolito also had an obligation to inform the Court that, based on the scandalous sexual relationship she engaged in behind her husbands back, that there was a reasonable likelihood that the Court could construe her actions as not only deplorable, but contemptuous.

AUSA Ippolito sought to keep the record not only silent, but free from facts. By failing to inform the Court that she had become Agent Valoze's whore, AUSA Ippolito failed to certify a true record, and actually certified a false one.

The <u>silence</u> represents a **FRAUD ON THE COURT**. "Intentional and deliberate falsification includes deliberate rrefusal to certify a true record, as well as actual certification of a false one."**Moder v. United States**, 62 F.Ed 2d 462 1933 288 U.S. 588 (D.C. Cir. 1037).

AUSA Ippolito failed to certify a true record, by informing the Court, her superiors, and Petitioner and counsel that she had become an extramarital lover for a Government Agent when she had the duty and obligation as an officer of the Court to do so, and actually certified a false record by remaining silent on these material case impacting facts.

Additionally, Agent Valoze had a material obligation by oath, position and law to inform the Court that he had taken AUSA Ippolito as his extramarital lover and that the two were engaged in a scandalous love affair behind their spouses backs. Agent Valoze has the absolute duty to the Court and its Honorable Judge to ensure the record is not only free from fraud, but actually fully perfected with nothing but truth.

"fraud on the Court occurs where the Court is corruptly influenced or influence is attempted where the judge has not performed his/her judicial function." **Bulloch v. United States**, (1985 CA10 Utah) 763 F.2d 1115.

Here, the Court was in fact corruptly influenced, but without knowledge. The Court could not have known as AUSA Ippolito and Agent Valoze kept their scandalous deplorable extramarital sex scandal a secret. This caused a corruption on the Court to influence a judicial decision by **NOT** disclosing to the Court the material issue of the sex scandal. The Court could have made a number of decision had it had the information. It could have participated in concealing the affair, which is highly unlikely. It could have held a hearing to determine the impact on the Petitioner's rights, or it could have disqualified and recused the Agent and AUSA involved.

It is reasonable that with the Court being apprized of the sex scandal, it would not have wanted to be a participant, even at arms length as the Court has a duty and obligation to society to uphold its integrity, reputation and vow to justice.

The silence of both Agent Valoze and AUSA Ippolito is a absolute spit in the eye of the Court. Going rogue, and running around in secret behind their unwitting spouses backs, leaving both at home under the impression of love, marital bliss and loyalty, both these Government employees not only disregarded their marriage vows, but completely disregarded and spit on their oath and obligations to the Court and society.

The immoral, scandalous, deplorable and reckless extramarital affair of these two disgusting Government employees caused a material violation and deprivation of Petitioner's Due Process rights and Equal Protections.

Had these to scandalous lover's disclosed their immoral lifestyle and sexual relationship to Petitioner and the Court, both Petitioner and the Court would have and very well could have made different decisions regarding this case.

## AFFECT ON PLEA AND SENTENCING HEARING

The Government seeks to self servingly infer that the sex scandal between Agent Valoze and AUSA Ippolito had no bearing on Petitioner's case. This fails on its merits as there have been a myriad of cases already impacted, and conceded by the Government that these two rogue sex fiends caused material impact and due process violations against a garden variety of defendants.

Petitioner's decision to plead guilty ultimately rested with the advise of counsel, Yet, counsel was oblivious and unaware of the extramarital scandalous affair between Agent Valoze and AUSA Ippolito. This sex scandal had a material impact on Petitioner's pleading guilty and the Government falsified the record by stating that this is irrelevant information and that Petitioner waived all rial rights, including the right to receive material impeachment evidence...

The Government relies on **United States v. Ruiz**, 536 U.S. 622, 633 (2002) as a baseline to influence the Court that the "government is not required to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant."

In this case, the impeachment evidence relates to the integrity and fundamental justice of the proceedings. The disclosure of the ":scandalous cheating Agent and his lover" is in fact material evidence that the Court should have been made to know, not just Petitioner. And the very fabric of justice requires that these two rogue sex fiends separate themselves from any cases so as to remove even the "mere appearance" of a conflict of interest as it relates to their cases and their intertwining sex affair.

It is not far fetched to assert that these two extramarital sex fiends were engaging in sexual acts while Court was in recess. Gaining a "Sexual Rush" from the knowledge they had of their affair, and acting out on it, while everyone else around them in the other room was oblivious to their corrupt sex scandal.

In any event, Petitioner could have not pleaded guilty had this material information been disclosed. Yet, both Agent Valoze and AUSA Ippolito still never would have disclosed their sex scandal to the judge and jury had Petitioner went to trial, so reasonably, the Government would have **CONTINUED** to deprive Petitioner of this material impeachment evidence. It remains highly unlikely, if not totally impossible to fathom that AUSA Ippolito would have, based on her obligation

under law, and her oath as an officer of the Court, to stand before the judge, jury and Petitioner and disclose that she was the lover of Agent Valoze, and that both were married, engaged in a scandalous affair set to rip apart and destroy their spouses and families.

The sex scandal was not revealed to anyone, much less the Court until approximately 2 years or more after Petitioner was sentenced. **(EMPHASIS ADDED)**.

Therefore, it is wholly plausible to not only assume, but be guaranteed that in no way would Agent Valoze or AUSA Ippolito have disclosed their sex scandal as impeachment evidence. They would have continued the fraud and lie not only against the Court, but against their innocent, unwitting victim spouses.

This creates a connective tissue for the Court to consider. What would have been the impact of the Court having this knowledge beforehand? What action would the Court have taken had AUSA Ippolito stood in court, as she is and was obligated, and stated that she became the lover of Agent Valoze, and that both were engaged in extramarital affairs hell bent on ruining their marriages, families and careers. What would the Court have concluded? What hearing would the Court have held? Because of the fraud and lies of both AUSA

10

Ippolito and Agent Valoze, <u>the record is uncear</u>. And because the record is unclear, there is a material need to perfect the record by holding an Evidentiary Hearing based on the merits, if the Court does not rule administratively in Petitioner's favor.

The material impact on the Court's questions to Petitioner at sentencing give factual basis for Petitioner to be able to withdraw his plea.

The Government states in their motion that:

> "This Court asked Sampson repeatedly whether he was forced or coerced in any way to enter his guilty plea... and;
>
> specifically whether "anyone" had "done anything that you consider wrong or unfair" which has forced you to plead guilty?"

In this instance, surely Petitioner was coerced and forced as he was duped and deceived, as was the Court, by the sexual affair of the AUSA and the Agent involved in the case.

**SURELY**, had Petitioner known and had AUSA Ippolito and Agent Valoze disclosed their extramarital family destroying affair to the Court and to Petitioner, and had

11

AUSA Ippolito **disclosed at sentencing** that she was the lover for Agent Valoze, Petitioner could have certainly assted that "**specifically someone had done something wrong that he considered wrong and unfair and by virtue of that, forced him to plead guilty**".

The Government relies heavily on the sentencing proffer of Petitioner but all the while, standing there in the Courtroom was AUSA Ippolito. Knowing that her rogue extramarital affair and sex scandal was in fact one of the driving factors that was "wrong and unfair". Yet again, AUSA Ippolito stood silent. Reasonably daydreaming about her scandalous "meet up" with Agent Valoze right after Petitioner's sentencing hearing. Celebrating another conviction in the throws of a passion in a scandalous affair that left their spouses violently devastated and victimized.

AUSA Ippolito and Agent Valoze **BOTH** had a duty not only to Petitioner, but to the Court and its Honorable Judge to answer this plea colloquy question for and on behalf of Petitioner. To "**Speak up**" and declare their sex scandal loudly and proudly if they materially had nothing to hide. Yet, the affair news broke years after Petitioner's sentence.

While AUSA Ippolito may not have enjoyed admitting publicly that she had become Agent Valoze extramarital lover, she did in fact have that duty to do so as an officer of the Court.

This is material information that relates directly to Due Process, conflict of interest, the appearance of conflict of interest, duties as officers of the Court, duties to the Department of Justice, and a heavy obligation to society.

If the scandalous sex affair was disclosed pre trial, Petitioner would have gone to trial and let the jury decide. At no point in time would the Government, namely AUSA Ippolito nor Agent Valoze allowed that to happen. The secret sex affair continued for years and was not disclosed for years past Petitioner's sentencing date. Given absolute evidence that AUSA Ippolito and Agent Valoze would have and did conceal the evidence and would have continued to conceal it even if Petitioner had decided to go to trial.

Having the obligation to stand up at sentencing and speak the truth about their illicit sex scandal, both Agent Valoze and AUSA Ippolito committed fraud on the Court by remaining silent even though having the duty to speak up simply if just to ensure the record is complete and to be honest and forthright with the Honorable Judge.

13

## TWO SEPARATE SENTENCING HEARINGS

Petitioner was subject to **two separate sentencing hearings**. During the first, Agent Michelle Kaufman, a female, began to testify but at the objection of Petitioner's counsel, the hearing was stopped and suspended for a later date. Counsel petitioned the Court to subpoena the **"case/arresting agent"**.

AUSA Ippolito did not want to continue the sentencing hearing. Yet, The Honorable Judge Moore agreed with Petitioner's counsel and gave time to subpoena the case/arresting agent so that "HE" could testify.

Petitioner believes this case/arresting agent to have been Agent Valoze. At the **second sentencing hearing**, it was a **male** who testified, not merely Agent Michelle Kaufman as the Government alleges. Both counsel for Petitioner, and AUSA Ippolito questioned this **mail** witness. If in fact, as Petitioner believes this was Agent Valoze, the conflict of interest and contamination is evident.

Both Agent Valoze and AUSA Ippolito, no strangers to lying to the Court, did in fact have a duty to disclose their extramarital affair and illicit conduct. They did not. Depriving Petitioner of Due Process and Equal Protections.

In the Government's response, they whimsically refer to **ONLY ONE SENTENCING HEARING** where Agent Michelle Kauffman, a female, testified. Yet, the Government fails to address, by virtue of the record, that a second sentencing hearing took place where a male case agent, the arresting officer testified and was questioned by both the defense and the government.

The Subpoena declares the name of the case agent/arresting officer. Petitioner sought to **expand the record** in order to gain this material piece of evidence as Petitioner has not been able to get copies of his second sentencing transcripts. The evidence is in the transcripts and as Petitioner believes, this arresting agent is in fact Agent Valoze.

If, as Petitioner believes this to be factual by a showing of the record, than in fact the material issues and conflict of interest of Agent Valoze and AUSA Ippolito is proven and Petitioner is entitled to the relief sought. To have his sentence, judgement and conviction vacated as if never entered or gained. Both had a duty to disclose their scandalous extramarital affair, both incapable of doing so even though they owed a duty to the COURT and its Honorable Judge to maintain the integrity and reputation of the Court.

Petitioner renounces the Government's vague claims in opposition to entrapment. Petitioner noticed this Honorable Court of entrapment in his originally filed §2255. The Government's vague response is that the record does not show Petitioner was entrapped.

Here, expansion of the record is and would be necessary for the Court to make a factual determination. The U.S. Attorney's Offcie disclosed that during the course of Operation Thunderbolt, several facts that are material to this case and claim.

Agent Valoze worked closely with an informant, and that informant identified numerous **TARGETS** for the operations, and he brought many of those targets to the ATF store front. Here, targeting was admitted and if not for such targeting, it is reasonable that Petitioner would not have been charged with any crime because none would have existed if not targeted, induced and set up to do so.

Here, targeting was an admitted practice that directly involved Agent Valoze and an informant who's specific job and obligation to Agent Valoze was to "TARGET" individuals to induce and entice into a crime they were not already in the prectice of committing. The very definition of entrapment.

17

## ACTUAL KNOWLEDGE BY GOVERNMENT OF CONFLICT

The Government in their response seeks to allege that Petitioner's motion is "untimely", even given the revelation of the illicit misconduct of Agent Valoze and AUSA Ippolito. Even going as far to call such claims "meritless."

The Government knew and had known about the illicit, scandalous and immoral extramarital affair of both Agent Valoze and AUSA Ippolito. It was the <u>Government</u> who made the disclosure years later in January 2015. The Government by virtue of their disclosure knew and had known, in addition to knowing the promises, favors and benefits that their informant was receiving from Agent Valoze in exchange for targeting individuals to set up for a crime.

The Government's failure to make any disclosure, let alone even a mere hint of one deprived Petitioner of Due Process and reasonably committed a "rape" on the proceedings. Petitioner was not only a victim of an informant who was receiving promises, favors and benefits from the Government, but also a victim of two immoral sex fiends who's governmental power and in ability to control their illicit sexual desires provoked a string of fraud, scandal, and lies to society, the Courts and the justice system as a whole.

Certainly this creates exceptional, extraordinary, and special circumstances which not only warrant an Evidentiary Hearing, but also the relief reqeusted.

Petitioner asserts that the Government had not properly or fully responded to his §2255 thereby leaving claims unaddressed, unanswered, and not in dispute. The Government has and is seeking, though an act of desperation, to "cover up" the sex scandal that plagued their respective offices and sought to tarnish the integrity of the Courts. Such deserves no consideration and Petitioner asserts based on facts not in dispute, that he is entitled the the relief sought and that if the Court cannot find merit administratively, that an Evidentiary Hearing be held promptly so the record can further be perfected of all facts known and unknown to the Court for the Court to make a proper judicial decision.

The Government would not have disclosed the illicit sex scandal of two of its high powered operatives regardless of any posture Petitioner took in this case. This is evidenced by the fact that the Government took **YEARS** to make the disclosures based on facts that would assert that the scandal could no longer be swept under the rug and that the whistle was about to blow. Such fraud is detestable and the Court should consider these facts.

19

## REQUEST FOR RELIEF

Petitioner hereby respectfully requests that his sentence, judgement and conviction be **VACATED** as if never entered or gained. Or in the alternative, for this Honorable Court to consider the issues and promptly conduct an Evidentiary Hearing where these facts can further be presented to the Court for its consideration. Petitioner requests all relief deemed just and proper.

## CLOSING AND PRAYER

Petitioner respectfully prays for all relief sought in his §2255 motion, this motion, and any and all relief deemed just and proper by this Honorable Court. For the facts to be reviewed in an unbiased manner, and for the Court to fully and fairly allow for Petitioner's Due Process rights to be considered and held to the highest standard and for all relief that is just and proper be **GRANTED**.

## CERTIFICATE OF SERVICE

I, Elijah Akeen Sampson hereby certify that I have filed the foregoing with the Clerk of Courts with copy of same to Respondent via U.S. Mail postage prepaid first class through legal mail procedures in accordance with **Houston v. Lack**, 487 U.S. 266 1988. I respectfully request the Clerk forward copy of same to all parties having interest in same.

Respectfully Submitted this 23 day of January, 2017.

*Elijah Akeen Sampson*
Elijah Akeen Sampson
17326-021
Satellite Low
2680 HWY 301 South
Jesup, GA. 31599

CC: U.S. Attorney Office
P.O. Box 8970
Savannah, GA. 31412

Brian Tanner



⇔17326-021⇔
Elijah Sampson
Federal Satellite LOW
2680 US Highway301s
Jesup, GA 31599
United States

⇔17326-021⇔
Cclerk Of Court
.P.O. BOX 8286
Savannah, GA 31412
United States